**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Charles E. GIBBS, Defendant-Appellant.**

**No. 78–5584**
**Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

April 27, 1979.

---

\* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Steven R. Heller, Jacksonville, Fla. (Court-appointed) for defendant-appellant.

John J. Daley, Jr., U.S. Atty., Ernst D. Mueller, Asst. U.S. Atty., Jacksonville, Fla., for plaintiff-appellee.

Before AINSWORTH, GODBOLD and VANCE, Circuit Judges.

PER CURIAM:

Appellant Charles E. Gibbs was convicted after a jury trial of "knowingly and fraudulently receiv[ing] [a] material amount of property from a bankrupt after the filing of a bankruptcy proceeding, with intent to defeat the bankruptcy law" in violation of 18 U.S.C. § 152. On appeal he asserts two points of error: first, that the district court improperly denied his motion for a continuance, and second, that the Government failed to introduce evidence concerning the substance of the bankruptcy laws for purposes of proving an "intent to defeat the bankruptcy law" and thus failed to prove an essential element of the crime charged. We find appellant's arguments without merit and affirm his conviction.

During 1977 appellant was the president of the Meyer Hotel Company, Inc. and responsible for management of the Robert Meyer Hotel in Jacksonville, Florida. On May 31, 1977 the Hotel filed a petition in bankruptcy under Chapter XI and was subsequently adjudicated a bankrupt on November 1, 1977. In June 1977 Gibbs presented fictitious invoices for bedding and linens for $3,638.44 and $7,963.28 in the name of Continental Hotel Service Corp. (Continental) to the Hotel, and had checks in those amounts issued to Continental by the Hotel. On June 27 appellant opened a bank account of which he was the sole signatory in the name of Continental at the Jacksonville National Bank. The address given for Continental on the invoices and on the bank account was a fictitious address in Atlanta and the Hotel received no bedding or linens corresponding to the invoices. The two checks for $3,638.44 and $7,963.28 were deposited in Continental's bank account on June 29 and July 5 respectively.

In July 1977 Richard McKenzie, assistant manager of the Hotel, notified the FBI of the fraudulent Continental invoices. On July 25 Gibbs wrote the Hotel's attorney concerning the invoices and checks and later transferred $7,963.28 from the Continental account back to the Hotel. The Hotel closed on August 12 and in a subsequent interview with an FBI agent appellant explained that he had returned the $7,963.28 but that the $3,638.44 represented money owed him by the Hotel for various Hotel expenses he had paid out of his own pocket. Gibbs wrote to the agent on August 15 sending a number of invoices corresponding to those expenses for which he claimed the $3,638.44 as reimbursement. Several witnesses testified at trial that many of these invoices had been paid by Hotel employees out of Hotel funds rather than by appellant.

Appellant's first assignment of error concerns the district court's denial of his motion for a continuance. He was indicted on May 11, 1978 and entered a plea of not guilty on June 8. The trial was originally set for July 17. On June 29 Gibbs filed his motion for a continuance stating that it would take the defense a month to prepare for trial. The district court denied the motion on July 5, the jury was empaneled on July 18 and the case proceeded to trial before the jury on July 26. Appellant argues that more time was necessary to review the Hotel's financial records to assemble receipts and invoices substantiating his claim that the $3,638.44 represented reimbursement for personal expenses on behalf of the Hotel.

The disposition of a motion for continuance is a matter committed to the sound discretion of the district court and will be reviewed on appeal only for abuse of discretion. *United States v. Uptain*, 5 Cir., 1976, 531 F.2d 1281. There was no abuse of discretion in this case. Appellant had ample time to prepare his defense. He knew for almost a year before trial that the Continental transactions were the subject of a federal investigation and in August 1977 voluntarily submitted to the FBI those invoices and receipts he deemed relevant. He points to no critical documents that might have been uncovered with additional time and whose absence prejudiced or impaired his defense. Moreover, the trial did not commence until nearly one month after appellant had filed his motion stating that he needed a month to prepare.

Appellant's second contention is that the Government failed to present evidence concerning the substance of the bankruptcy laws to prove in connection with the offense an "intent to defeat the bankruptcy law." Thus appellant maintains that his motion for judgment of acquittal should have been granted because of the Government's failure to prove an essential element of the crime charged in the indictment. This argument is misplaced because explanation of the various elements of an offense is the function of the court in its charge to the jury. The jury receives instruction on the applicable law uniquely from the court, not through testimony adduced during the trial. As appellant has raised no challenge to the district court's instructions to the jury either at trial or on appeal, we conclude that he has no objection to the manner in which 18 U.S.C. § 152, under which he was charged, was explained by the court to the jury. There is no question that the evidence presented at trial was sufficient to establish that Gibbs acted with the requisite intent to defeat the bankruptcy laws by interfering with the equitable distribution of the Hotel's assets among its numerous creditors. He makes no argument to the contrary. Accordingly, appellant's conviction is

AFFIRMED.