[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 28, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-12971
Non-Argument Calendar
_____

D. C. Docket No. 04-10030-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDREW A. PEREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 28, 2006)**

Before TJOFLAT, ANDERSON and BARKETT, Circuit Judges.

PER CURIAM:

A Southern District of Florida charged Andrew Perez and his wife,

Catherine Perez, with conspiracy to posses with intent to distribute cocaine, 21

U.S.C. § 846, and possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1). They were tried jointly. Catherine Perez was convicted, but the jury hung as to Andrew Perez. Before his retrial, Catherine Perez agreed to testify against him. The second jury convicted Andrew Perez, and the district court sentenced him to concurrent prison terms of 46 months. The court sentenced Catherine Perez, who had been detained, to time served. Andrew Perez now appeals his convictions, contending the following:

(1) his attorney rendered ineffective assistance of counsel;

(2) the Government denied him due process in failing to disclose a cooperation agreement it had with Catherine Perez;

(3) the court abused its discretion in denying him a pretrial continuance; and

(4) the court committed plain error in allowing his pretrial services officer to testify and identify his voice and cell phone number.

We do not address Perez's first contention because the record is not sufficiently developed to permit us to render a decision. If Perez believes that counsel's performance was constitutionally deficient, he can present his claim to the district court in a motion under 28 U.S.C. § 2255.

Perez's second contention – based on Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963) – is that the Government should have informed

2

him of its implicit promise to his wife to seek a downward departure for her sentence in exchange for her testimony against him. Perez emphasizes that this duty to divulge cooperation agreements is to be read broadly, and applies to agreements even where they are not explicit promises or not for precisely defined benefits. Perez did not present this Brady claim to the district court; hence, we review it for plain error. "[I]f there is error that is plain, and that affects substantial rights, we may exercise our discretion to recognize such an error, so long as it seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Smith, 459 F.3d 1276, 1297 (11th Cir. 2006).

The Government violates a defendant's right to due process when it suppresses requested evidence that is favorable to the accused. United States v. Newton, 44 F.3d 913, 918 (11th Cir. 1993). There is constitutional error, however, only if the suppressed evidence is material; that is, if there is a reasonable probability that disclosure would have produced a different result at trial. Id. To obtain a new trial, a defendant alleging a violation of Brady must show "(1) that the Government possessed evidence favorable to the defendant (including impeachment evidence); (2) that the defendant did not possess the evidence nor could he have obtained it himself with any reasonable diligence; (3) that the prosecution suppressed the favorable evidence; and (4) that had the evidence been

3

revealed to the defense, there is a reasonable probability that the outcome of the proceedings would have been different." Id. Impeachment evidence includes information about agreements between the government and one of its witnesses. Giglio v. United States, 405 U.S. 150, 153-54, 92 S.Ct. 763, 766, 31 L.Ed.2d 104 (1972).

Assuming, without deciding, that the Government had a cooperation agreement as alleged, Perez is not entitled to a new trial. He was aware of the reasons his wife testified at his trial. During her cross-examination, Perez's leading questions demonstrated both that Catherine Perez expected to receive a substantial sentencing benefit – possibly no jail time at all – in exchange for her testimony, and that Perez knew this before cross-examination started. Further, when jury instructions were being discussed with the court, he argued that Catherine Perez had an agreement with the Government. The court agreed and over the Government's objection gave the jury an instruction regarding witness-cooperation agreements. In sum, Perez's second contention is meritless.

Perez's third contention is likewise meritless. Perez requested the continuance when, five days before trial, the Government turned over more than four hours of recorded conversations between him and his wife. He asserts that the recordings contained material with which his wife could be impeached, such as her

decision to testify for the Government, but that his attorney did not have sufficient time to review the recordings and prepare a cross-examination.

"Usually, the issue of proper or improper denial of a continuance must be decided . . . in light of the circumstances presented, particularly the reasons for continuance presented to the trial court at the time the request is denied." United States v. Medina-Arellano, 569 F.2d 349, 354 (5th Cir. 1978) (internal quotation marks omitted). "A different situation arises when, as here, the request for a continuance is made to examine discovery material. Then, the appellate court can learn and analyze the facts that could have been presented at trial. In this kind of case, we must examine the trial court's denial of a continuance in light of what an examination of the discovery material reveals to defense counsel after the trial." Id. (internal citation omitted). "The question here is not whether the trial judge abused his discretion in denying the continuance. We need not examine all the factors that go to that question. When counsel sought the continuance because he had not adequately examined discovery material, we can focus on the one crucial factor - prejudice to the defendant. To affirm a conviction we must find that additional time to examine the discovery material would not have affected the outcome." Id. at 354-55 (internal footnote omitted).

Perez has not shown that additional time to examine the recordings would

have affected the outcome of his case. His attorney was able to spend 20 hours over five days reviewing the entire four hours of recordings. After this quantity of review, counsel either failed to notice any of Catherine Perez's repeated statements regarding the respective guilt of her husband and herself or chose not to use these statements in cross-examining her at trial. Perez presents no reason why further review would have revealed these statements to counsel where 20 hours did not or why further review would have led counsel to use the statements in cross-examination where, before, he had chosen not to.

Finally, we find no merit in Perez's fourth contention – that the court erred in allowing his pretrial services officer to testify at trial, identifying his cellular phone number and his voice on recordings. Perez asserts that the 18 U.S.C. § 3153(c) limitations on the use of information collected in the course of performing pretrial services prohibited this testimony.

Perez did not object to the testimony. We thus review the issue for plain error. Other than several exceptions not relevant here, "information obtained in the course of performing pretrial services functions in relation to a particular accused shall be used only for the purposes of bail determination and shall otherwise be confidential." 18 U.S.C. § 3153(c)(1). For most crimes, "[i]nformation made confidential under [18 U.S.C. § 3153(c)(1)] is not admissible on the issue of guilt

6

in a criminal judicial proceeding." 18 U.S.C. § 3153(c)(3).

While we have not previously considered the scope of material covered by § 3153(c), the plain language of this statute is sufficient to determine that the district court erred in allowing Perez's pretrial services officer to testify as to information gathered in the course of performing pretrial services. The Government suggests that 'objective observations' or 'identifiable physical characteristics' may be exempt from the confidentiality requirements in § 3153, but nothing in the statutory language admits of such an exception. The Government observes that other courts of appeals have allowed the admission of information obtained in the performance of pretrial services, but in those cases, the information was only admissible because it did not go to the issue of guilt, as prohibited by § 3153(c)(3), but was only used to impeach a testifying defendant. See United States v. Griffith, 385 F.3d 124, 126 (2d Cir. 2004), United States v. Stevens, 935 F.2d 1380, 1395-96 (3d Cir. 1991), United States v. Wilson, 930 F.2d 616, 619 (8th Cir. 1991). Here, the Government called the officer to testify as to Perez's voice and his cellular phone number, which were introduced to prove that Perez had been involved in the drug transactions for which he was charged. Therefore, the information obtained in the course of pretrial services was admitted as to the issue of Perez's guilt, in violation of the plain language of § 3153(c)(3). As such,

7

the admission of this evidence was error, and that error was plain.

Nevertheless, Perez has not shown that his substantial rights were affected by the admission of the confidential information.  Other trial witnesses – a DEA agent and Perez's wife – identified his phone number and his voice.  In convicting Perez, the jury necessarily credited the testimony of these witnesses, and Perez cannot show that there is a reasonable probability that the outcome of his trial would have been different had the pretrial services officer not testified.

We find no basis for disturbing Perez's convictions.  They are accordingly AFFIRMED.