[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13702
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 25, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 04-10030-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDREW A. PEREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 25, 2010)

Before TJOFLAT, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

On June 13, 2005, the district court sentenced Andrew A. Perez to

concurrent prison terms of 46 months, and a three-year term of supervised release, for conspiring to possess, and possessing, cocaine with intent to distribute.[1] On May 22, 2009, while Perez was on supervised release, the Southern District of Florida Probation Office petitioned the district court to revoke his supervised release based on his April 16, 2009 arrest for selling cocaine within 1,000 feet of a school, in violation of Florida law. The court held an evidentiary hearing on the petition, and after considering the evidence adduced in support of the petition, revoked Perez's supervised release and sentenced him to prison for a term of 24 months. Perez now appeals the court's decision.

Included in the evidence presented at the evidentiary hearing was an out-of-court statement a confidential informant ("CI") made to the police. The statement, admitted over Perez's hearsay objection, was, in essence, that the CI called Perez to arrange a cocaine purchase—that Perez was a drug dealer. After making the call, the CI visited Perez's home, while wearing a listening device, to complete the purchase. The police monitored, but did not record, the phone conversation between the CI and Perez, and the conversation between the CI and Perez while the CI was in Perez's home. Several officers recognized the other voice in that conversation as belonging to Perez.

---

[1] We affirmed his convictions in *United States v. Perez*, 473 F.3d 1147 (11th Cir. 2006).

In his brief on appeal, Perez argues that the admission of the CI's out-of-court statement violated his due process right to a fair hearing because the district court did not balance his right to confront the witness with the Government's reason for denying confrontation. He maintains that the court was required to ask the Government why the CI was not produced, especially because the actual reason the CI was not produced was his refusal to cooperate with state prosecutors. Perez asserts that the Government's desire to shield a poor witness from cross-examination is not good cause for not producing the witness. He asserts, further, that the court erred in finding the CI's statement reliable because the CI (1) had personal disputes with Perez's family and (2) was unreliable in the state court prosecution. He maintains that the error was not harmless because the CI's statement was an essential part of the Government's proof that he was the person who sold the cocaine.

In addition to the hearsay objection made in the district court, Perez argues here, for the first time, that the district court's admission of the CI's statement violated his rights under the Sixth Amendment's Confrontation Clause. Acknowledging that our unpublished decisions hold that the Confrontation Clause is not applicable to supervised release proceedings, Perez says those decisions were wrong.

We review a district court's evidentiary decisions for abuse of discretion. *United States v. Novaton*, 271 F.3d 968, 1005 (11th Cir. 2001). We review *de novo* the scope of a defendant's constitutional rights. *United States v. Cantellano*, 430 F.3d 1142, 1144 (11th Cir. 2005). When an issue is not raised in the district court, we consider the issue under the plain error doctrine. *United States v. Arbolaez*, 450 F.3d 1283, 1291 (11th Cir. 2006).[2] Plain error exists if there was "(1) error, (2) that is plain, and (3) affects substantial rights. If all three conditions are met, we may exercise our discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* Although the Federal Rules of Evidence governing hearsay do not apply in supervised release revocation proceedings, defendants are entitled to certain minimal due process requirements, including the right to confront and cross examine adverse witnesses. *United States v. Frazier*, 26 F.3d 110, 114 (11th Cir. 1994). In deciding whether to admit hearsay testimony, "the court must balance the defendant's right to confront adverse witnesses against the grounds asserted by the government for denying confrontation." *Id.* In addition, the hearsay evidence must be reliable. *Id.*

_____

[2] Perez's hearsay objection did not in and of itself include a Confrontation Clause objection so as to preserve the latter objection for appellate review. *Arbolaez*, 450 F.3d at 1291 n.8.

4

The district court did not abuse its discretion in admitting the CI's hearsay statement because the court, on the record, explicitly balanced Perez's right to confront the CI with the Government's reasons for not calling the CI to the stand. Moreover, given the overwhelming evidence that Perez committed the supervised release violation asserted in the Probation Office's petition, Perez's substantial rights were not affected; hence, the plain error doctrine affords him no relief.

AFFIRMED.