[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15106
Non-Argument Calendar
_____

D.C. Docket No. 0:10-cr-60292-DMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ADOLPHUS SYMONETTE,
a.k.a. King Solomon,
a.k.a. Smurf,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 9, 2012)

Before DUBINA, Chief Judge, TJOFLAT and KRAVITCH, Circuit Judges.

PER CURIAM:

Appellant Adolphus Symonette appeals his convictions and sentences for conspiracy under the Racketeer Influenced and Corrupt Organizations Act ("RICO"); kidnapping; and using or carrying a firearm during and in relation to, or possessing a firearm in furtherance of, a crime of violence. Symonette argues that the district court abused its discretion in denying his motions to continue to allow for additional trial preparation; that the district court erred in denying his motion for judgment of acquittal and renewed motion for judgment of acquittal as to the RICO conspiracy count; and that the concurrent life sentences he received for the RICO conspiracy and kidnapping counts are substantively unreasonable.

I.

Symonette first argues that the district court abused its discretion in denying his motions to continue to allow for additional trial preparation.

We review a district court's denial of a motion to continue trial for an abuse of discretion. *United States v. Graham*, 643 F.3d 885, 893 (11th Cir. 2011). Where a defendant requested and the district court denied a continuance to allow for additional trial preparation, the defendant must show specific, substantial prejudice. *United States v. Saget*, 991 F.2d 702, 708 (11th Cir. 1993). This amounts to identifying "relevant, non-cumulative evidence that would have been presented if his request for a continuance had been granted." *Id*. *See also United*

2

*States v. Gibbs*, 594 F.2d 125, 127 (5th Cir. 1979)[1] (noting that the defendant "points to no critical documents that might have been uncovered with additional time and whose absence prejudiced or impaired his defense").

In considering a claim of inadequate preparation time, we consider several factors, including "the quantum of time available for preparation, the likelihood of prejudice from denial, the accused's role in shortening the effective preparation time, the degree of complexity of the case, and the availability of discovery from the prosecution." *United States v. Garmany*, 762 F.2d 929, 936 (11th Cir. 1985) (quoting *United States v. Uptain*, 531 F.2d 1281, 1286 (5th Cir. 1976)).

Here, we conclude from the record that the district court did not abuse its discretion in denying Symonette's motions to continue. Symonette's trial counsel had a period of two-and-one-half months to prepare for trial, and Symonette himself played a role in shortening the effective preparation time by earlier moving to remove his prior counsel. *See Garmany*, 762 F.2d at 936. Moreover, on appeal, Symonette fails to state specifically how he was prejudiced by the district court's denial of his motions to continue. *See Saget*, 991 F.2d at 708. He does not point to the relevant, non-cumulative evidence that he would have

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), we adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

presented had his request for a continuance been granted.  *See id*; *see also Gibbs*, 594 F.2d at 127.

## II.

Symonette next argues that the district court erred in denying his motion for judgment of acquittal and renewed motion for judgment of acquittal as to the RICO conspiracy count.

"We review *de novo* both the denial of a motion for a judgment of acquittal and the sufficiency of the evidence to sustain a conviction, viewing the evidence in the light most favorable to the government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict."  *United States v. Keen*, 676 F.3d 981, 989 (11th Cir. 2012).  We will affirm if a reasonable jury could conclude that the evidence establishes guilt beyond a reasonable doubt.  *United States v. Browne*, 505 F.3d 1229, 1253 (11th Cir. 2007).

The government establishes a RICO conspiracy violation under 18 U.S.C. § 1962(d) if it proves that "the defendants objectively manifested, through words or actions, an agreement to participate in the conduct of the affairs of the enterprise through the commission of two or more predicate crimes."  *United States v. Starrett*, 55 F.3d 1525, 1543 (11th Cir. 1995) (internal quotation marks omitted).  The predicate crimes, or the racketeering activity, must have a

4

relationship to the enterprise.  *United States v. Carter*, 721 F.2d 1514, 1527 (11th Cir. 1984).  The government meets the relationship requirement by proving either the racketeering activity's effect upon the common, everyday affairs of the enterprise or that the facilities and services of the enterprise were regularly and repeatedly used to make possible the racketeering activity.  *Id.*

We conclude from the record that the evidence presented at trial was sufficient to establish the relationship between the enterprise and the racketeering activity, and the district court did not err in denying Symonette's motions for judgment of acquittal.  In particular, the government met the relationship requirement because it proved that the facilities of the enterprise were regularly and repeatedly used to make possible the racketeering activity.  *See Carter*, 721 F.2d at 1527.  Specifically, the testimony of multiple witnesses established that the houses acquired through the enterprise, and the firearms and cars purchased with its profits, were used in the commission of the predicate crimes, including murder, attempted murder, and kidnapping.  The facilities of the enterprise further made possible the racketeering activity because the houses and money generated by the enterprise induced Symonette's codefendants to obey him and agree to commit the predicate crimes.

III.

5

Symonette's final argument is that the concurrent life sentences he received for the RICO conspiracy and kidnapping counts are substantively unreasonable.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard of review. *See Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591, 169 L. Ed. 2d 445 (2007). The party challenging the sentence bears the burden of establishing that it is substantively unreasonable in light of the record and the § 3553(a) factors. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). Therefore, where a party challenging a sentence argues the unreasonableness of the sentence based on only one § 3553(a) factor, we will consider only that factor and not "assume the role of counsel" and consider the other factors. *United States v. Docampo*, 573 F.3d 1091, 1102-03 (11th Cir. 2009).

In imposing sentence, the district court is required to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). However, as suggested by its plain language, this provision does not apply to defendants who are not similarly situated. *See Docampo*, 573 F.3d at 1101. For example, "defendants who cooperate with the government and enter a written plea agreement are not similarly situated to a defendant who provides no assistance to

6

the government and proceeds to trial." *Id*.

Here, we conclude that Symonette's argument, that the district court failed to avoid an unwarranted disparity between his sentences and those of his codefendants lacks merit because he was not similarly situated to his codefendants for the purposes of 18 U.S.C. § 3553(a)(6). Symonette was not found guilty of entirely similar conduct as his codefendants because, unlike him, none of his codefendants was guilty of all three counts of the indictment. Furthermore, Symonette's codefendants all entered plea agreements and cooperated with the government, while Symonette provided no assistance and proceeded to trial. *See Docampo*, 573 F.3d at 1101. Given that Symonette bears the burden of establishing the unreasonableness of his sentences and has focused his argument exclusively on § 3553(a)(6), we do not consider the other § 3553 factors in concluding that his sentences are reasonable. *See Docampo*, 573 F.3d at 1102-03.

For the above-stated reasons, we affirm Symonette's convictions and sentences.

**AFFIRMED.**