[PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-11980

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JIRARD KINCHERLOW,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:20-cr-00051-MW-MAF-1

_____

Before JORDAN, LAGOA, and ED CARNES, Circuit Judges.

LAGOA, Circuit Judge:

Defendant Jirard Kincherlow connected J.D., a fourteen-year-old girl, with adult men to engage in sexual activity for money. Through social media messages, Kincherlow also advised J.D. on how to make more money as a prostitute and negotiated prices for her to engage in sexual activity with himself and his adult friend. Following an investigation, Tallahassee Police Department ("TPD") officers discovered the messages and arrested Kincherlow. A jury found Kincherlow guilty of coercing or enticing a minor into engaging in prostitution, in violation of 18 U.S.C. § 2422(b).

On appeal, Kincherlow challenges the sufficiency of the evidence supporting his conviction, arguing that he could not have persuaded, induced, enticed, or coerced J.D. into engaging in prostitution because she was already engaged in prostitution before the two started messaging. He also argues that the district court erred in using an overly broad definition of the term "induce" in its instructions to the jury. Finally, Kincherlow argues that a variance between the language of the indictment and the jury charge denied him due process notice of the charge against him.

After careful review, and with the benefit of oral argument, we affirm Kincherlow's conviction.

## I. FACTUAL AND PROCEDURAL HISTORY

A federal grand jury indicted Kincherlow for one count of coercion or enticement of a minor to engage in prostitution, in violation of 18 U.S.C. § 2422(b). Although the statute criminalizes the actions of one who "knowingly persuades, induces, entices, *or*

coerces" a minor to engage in prostitution, 18 U.S.C. § 2422(b) (emphasis added), the indictment lists the verbs in the conjunctive, stating that Kincherlow "did knowingly persuade, induce, entice, *and* coerce" a minor to engage in prostitution, (emphasis added).  The case  proceeded to trial.  In the proposed jury instructions that the government submitted two weeks beforehand, the government used the disjunctive formulation, i.e., "knowingly persuaded, induced, enticed, *or* coerced."  (Emphasis added).  And the government did the same during its opening statement, telling the jury that the first element of the charged crime was "that the defendant knowingly persuaded, induced, enticed, *or* coerced J.D. to engage in prostitution."  (Emphasis added).

Following opening statements, the government called Investigator Elizabeth Bascom, a special victims investigator with the TPD who was familiar with J.D. based on a list of at-risk children that TPD had compiled.  According to Bascom, J.D. had previously been sexually abused and there were indications that her "home life was not safe."  Bascom testified that, on November 6, 2018, she became aware that J.D. was active on "skipthegames.com," a website that is used to advertise sex work and includes prices for specific acts and lengths of time.  Bascom also testified that the TPD had located conversations between J.D. and Kincherlow on Facebook.  Their conversation on November 11, 2018, reads as follows:

**J.D.**: Aye bae.  Do you buy beans?[1]

---

[1] Bascom testified that "beans" are a pill drug.

**Kincherlow**: Yes

**J.D.**: You tryna buy some beans?

**Kincherlow**: You got some?  Plus I got a play.[2] White boy, top dollar.  This my heavy.  Treat him nice cuz he gonna pay.

**J.D.**: Okay.  When?

**Kincherlow**: Yeah.  I'll be—I'll be all of them.  How many?

**J.D.**  W[h]ere?

**Kincherlow**: Let me set it up.

**J.D.**: I got six.

I want 30 fa all of em.

**Kincherlow**: Send pic of you.  Plus get cleaned.  He gonna be a great gentleman . . . $$$$.

**J.D.**: Okay.

I'm ready now.

You gonna buy the beans though?

Bascom understood the messages to show that Kincherlow was "coaching" J.D. about how the "plays will be set up" and "who is going to control what."  (Later in the conversation, at a time when Bascom believed that J.D. was meeting with an adult for sexual activity, J.D. told Kincherlow that she "just told him everything bout

---

[2] Bascom testified that "play" is a slang term for the exchange of sexual activity for some kind of payment.

me and now he's telling me bout himself," and asked about Kincherlow's whereabouts. Kincherlow messaged that he was "posted at the front." Bascom testified that it was common for a person who is orchestrating sexual activity for money to be nearby the transaction to ensure that they are paid and the girl is not harmed. Kincherlow then told J.D. to "handle" her client and to "[g]et our money."

The government's next witness was Investigator Stephen Osborn, a TPD investigator assigned to the Internet Crimes Against Children taskforce. Osborn also reviewed messages between J.D. and Kincherlow and read at trial a November 13, 2018, conversation:

> **J.D.**: Bae
>
> Bae, what's up?
>
> I'm trying come put this pussy on ya and get 20 to 25 $.
>
> So you tell me what's up.
>
> ???
>
> [A 49 second call goes through from J.D. to Kincherlow]
>
> How long you finna be there?
>
> Bae.
>
> **Kincherlow**: Come on.
>
> **J.D.**: I'm OMW
>
> **Kincherlow**: Make sure you pull in all the way to my porch.

**J.D.**: Okay. You gotta condom?

**Kincherlow**: [responded with a "thumbs up"]

**J.D.**: [responded with a "thumbs up"]

Osborn also described a conversation between Kincherlow and J.D. from December 3, 2018. The messages read:

**Kincherlow**: WYA—I got gas.[3]

**J.D.**: Home?

**Kincherlow**: Me and my homie.

In and out.

**J.D.**: Who is yo homie?

**Kincherlow**: We want to play.

Cody.

**J.D.**: And how much you talm bout?

**Kincherlow**: I got you.

**J.D.**: That's not telling me none.

**Kincherlow**: We gonna hit you in gas. Real shit.

You good? What up?

**J.D.**: How much gas?

**Kincherlow**: Just move, BIH

**J.D.**: Really?

**Kincherlow**: Damn.

---

[3] Osborn testified that "gas" meant marijuana.

**J.D.**: [responded with a "thumbs up"]

**Kincherlow**: You do too much.

**J.D.**: I need at least 30$.

**Kincherlow**: Can we slide in?

**J.D.**: Yes.

10 mins a piece.

**Kincherlow**: Come on, bae.  A nut and out.  Enjoy.[4]

The government also called J.D. as a witness.  She testified that she used to take drugs every day and meet with men to engage in sexual activity for money.  When shown a photograph of Kincherlow, J.D. recognized him as someone she had engaged in sexual activity with when she was fourteen-years-old and as someone who had connected her with other men to engage in sexual activity with for money and drugs.  She also testified that no one else ever had control over her social media accounts.

After the close of the government's case, Kincherlow moved for a judgment of acquittal under Federal Rule of Criminal Procedure 29, arguing that the government "[had not] proven a prima facie case."  The district court denied the motion.  Kincherlow then indicated to the district court that he would not testify and renewed the motion for judgment of acquittal, which the district court once again denied.

---

[4] Osborn testified that "nut" is slang for ejaculation.

Before closing arguments, the district court discussed the proposed jury instructions with the parties.  The government requested that both coercion and enticement be used with the disjunctive "or."  Kincherlow objected to the government's request and asked for the conjunctive "and," arguing that the conjunctive list "tracks the language of the statute."  After noting that both the text of § 2422(b) and Pattern Jury Instruction 092.2 list the verbs in the disjunctive, the district court denied Kincherlow's objection and used the disjunctive "or" in its instructions to the jury.

The jury found Kincherlow guilty of having violated 18 U.S.C. § 2422(b), and the district court sentenced him to 180 months of imprisonment.  Kincherlow timely appealed.

## II.    STANDARDS OF REVIEW

As a general matter, we review "the sufficiency of the evidence *de novo*, viewing the evidence in the light most favorable to the government and drawing all reasonable inferences . . . in favor of the jury's verdict. *United States v. Demarest*, 570 F.3d 1232, 1239 (11th Cir. 2009) (quoting *United States v. Trujillo*, 146 F.3d 838, 845 (11th Cir. 1998)).  We are required to affirm Kincherlow's conviction if "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Hunt*, 187 F.3d 1269, 1270 (11th Cir. 1999) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

However, "[a] motion for a new trial based on the weight of the evidence is 'not favored' and is reserved for 'really exceptional

cases.'" *United States v. Moore*, 76 F.4th 1355, 1363 (11th Cir. 2023) (quoting *United States v. Brown*, 934 F.3d 1278, 1297 (11th Cir. 2019)).  It is true that "[a] district court may grant a new trial based on the weight of the evidence even if the evidence is sufficient to convict in the *rare* case in which the evidence of guilt although legally sufficient is thin and marked by uncertainties and discrepancies." *Id.* (emphasis in original); *accord United States v. Witt*, 43 F.4th 1188, 1195 (11th Cir. 2022) ("[T]o warrant a new trial, the 'evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand.'" (quoting *United States v. Martinez*, 763 F.2d 1297, 1313 (11th Cir. 1985))).  But our review is not plenary for a new trial claim based on the weight of the evidence.  *See Moore*, 76 F.4th at 1363.  Instead, we review such claims for an abuse of discretion and give *denials* of those claims "greater deference."  *Id.*

Additionally, we review the denial of a motion for judgment of acquittal under Rule 29 based on the sufficiency of the evidence *de novo*, *United States. v. Pirela Pirela*, 809 F.3d 1195, 1198 (11th Cir. 2015), viewing the evidence "in the light most favorable to the prosecution and all reasonable inferences and credibility choices are drawn in its favor," *Moore*, 76 F.4th at 1363.

Further, "[w]e review jury instructions challenged in the district court 'de novo to determine whether the instructions misstated the law or misled the jury to the prejudice of the objecting party.'" *United States v. Gibson*, 708 F.3d 1256, 1275 (11th Cir. 2013) (quoting *United States v. Felts*, 579 F.3d 1341, 1342 (11th Cir. 2009)).

### III.    ANALYSIS

Kincherlow raises four arguments on appeal. First, he argues that the evidence was insufficient to convict him of violating § 2422(b) and that he is entitled to a new trial based on the weight of the evidence. Second, he argues that the district court erred in denying his Rule 29 motion for judgment of acquittal. Third, he argues that the district court erred by instructing the jury on the definition of "induce" as meaning "to stimulate the occurrence of or to cause." Fourth, he argues that the variance between the indictment and the jury instructions denied him due process notice of the charge against him. We address each argument in turn.

### A.  The Sufficiency and the Weight of the Evidence

The statute under which Kincherlow was charged, 18 U.S.C. § 2422(b), makes it illegal for an individual to knowingly persuade, induce, entice, or coerce any individual under the age of eighteen to engage in illicit sexual activity. "[T]he four elements that must be proven to show a violation of 18 U.S.C. § 2422(b) [are]: (1) use of a facility of interstate commerce; (2) to knowingly persuade, induce, entice, or coerce; (3) any individual who is younger than 18; (4) to engage in any sexual activity for which any person can be charged with a criminal offense, or attempting to do so."[5] *United States v. Thomas*, 410 F.3d 1235, 1245 (10th Cir. 2005).

---

[5] In this case, Kincherlow was convicted of the substantive offense proscribed by § 2422(b) and not of attempting to violate § 2422(b). To sustain a conviction for the crime of attempt, the government must show that a defendant (1) acted with the specific intent to engage in the criminal conduct for which he is

Kincherlow argues that the evidence presented at trial does not support a guilty verdict, primarily based on the theory that Kincherlow did not persuade, induce, entice, or coerce J.D. into prostitution, but was rather providing an opportunity to an individual already engaged in prostitution. Kincherlow's argument lacks merit.

First, the record makes clear that a reasonable juror could find that Kincherlow persuaded, induced, enticed, or coerced J.D. into prostitution. J.D. was a sexually abused minor who was struggling with drug addiction and who had no secure home life or school structure. She had a life that was in flux, and the fact that she had already engaged in prostitution does not mean that she, by definition, could not be persuaded, induced, enticed, or coerced into doing the same at a later point. By finding Kincherlow guilty, the jury implicitly determined that J.D. had been in a state where Kincherlow persuaded, enticed, coerced, or induced her into prostitution. And contrary to Kincherlow's suggestion, J.D.'s ultimate willingness to engage in prostitution was not proof that she was incapable of being persuaded to do so, but rather evidence that Kincherlow's efforts to persuade, induce, entice, or coerce J.D. were successful.

Second, to the extent that Kincherlow argues that merely presenting the opportunity or paying money for a minor to engage in prostitution is not persuasion, inducement, enticement, or

---

charged; and (2) took a substantial step toward the commission of the crime. *United States v. Yost*, 479 F.3d 815, 819 (11th Cir. 2007).

coercion, that argument is foreclosed by this Court's precedent. *United States v. Rutgerson*, 822 F.3d 1223, 1234 (11th Cir. 2016). "We have held that the terms persuade, induce, and entice in § 2422(b) should be given their ordinary meaning." *Id.* at 1232. Therefore, "offering or agreeing to pay money in exchange for engaging in various sex acts qualifies as inducement within the meaning of" § 2422(b). *Id.* at 1234 (recognizing that "offering or agreeing to pay money in exchange for engaging in various sex acts . . . was the necessary element" in causing the minor to engage in prostitution). That reading is not affected by the fact that the minor may have already been engaged in prostitution. *Id.* at 1233 ("To the extent that [the defendant] suggests that an underage prostitute who holds herself out for sex cannot be induced within the meaning of § 2422(b) as a matter of law, he is mistaken."). This reasoning is both binding precedent and common sense. Acts of prostitution, especially by minors, are not naturally occurring, spontaneous events. Moreover, Kincherlow's actions went beyond merely offering an opportunity to engage in prostitution; he instructed J.D., a fourteen-year-old girl, on how to best make money as a prostitute, including by telling her to clean her body and meet clients through him.

The evidence in this case, e.g., witness testimony, message records, and J.D.'s own testimony, when viewed in the light most favorable to the government, is more than sufficient to support the jury's finding that Kincherlow knowingly persuaded, induced, enticed, or coerced J.D. to engage in prostitution. And based on the

evidence presented at trial, we conclude that a reasonable jury could find that Kincherlow violated § 2422(b).

We further conclude that the weight of the evidence does not preponderate against a guilty verdict in this case, as Kincherlow has not shown that the evidence of guilt against him was "thin and marked by uncertainties and discrepancies." *See Moore*, 76 F.4th at 1363. Accordingly, Kincherlow is not entitled to a new trial.

### B. Denial of the Rule 29 Motion

Kincherlow next argues that the district court erred in denying his motion for judgment of acquittal because the government failed to present a prima facie case that he persuaded, induced, enticed, or coerced J.D. to engage in prostitution.

We will uphold the district court's denial of a motion for judgment of acquittal "if a reasonable trier of fact could conclude that the evidence establishes the defendant's guilt beyond a reasonable doubt." *United States v. Holmes*, 814 F.3d 1246, 1250 (11th Cir. 2016) (quoting *United States v. Rodriguez*, 218 F.3d 1243, 1244 (11th Cir. 2000)). And "[w]e will not overturn a jury's verdict if there is 'any reasonable construction of the evidence that would have allowed the jury to find the defendant guilty beyond a reasonable doubt.'" *United States v. Clay*, 832 F.3d 1259, 1294 (11th Cir. 2016) (quoting *United States v. Martin*, 803 F.3d 581, 587 (11th Cir. 2015)). The evidence presented at trial, however, need not exclude every reasonable hypothesis of innocence for a reasonable jury to find guilt beyond a reasonable doubt. *United States v. Cruz-Valdez*, 773 F.2d 1541, 1545 (11th Cir. 1985) (en banc). Indeed, the jury is free

to choose among alternative, reasonable interpretations of the evidence. *Id.*

In arguing that the district court erred in denying his motion for judgment of acquittal, Kincherlow repeats the same reasoning from his arguments on the sufficiency of the evidence, urging this Court to conclude that J.D.'s decision to engage in prostitution was her own "independent decision[]" such that Kincherlow could not have persuaded, induced, enticed, or coerced her. For similar reasons as to why the weight of the evidence was sufficient for a jury to convict Kincherlow of violating § 2422(b), these arguments fail. Again, the evidence presented at trial established that Kincherlow negotiated prices, enforced tactics, and arranged meet ups for J.D. to engage in prostitution. We thus conclude that the district court did not err in denying Kincherlow's motion for judgment of acquittal and affirm the denial of Kincherlow's Rule 29 motion.

## C. Jury Instructions

Kincherlow next argues that the district court erred by instructing the jury that the definition of "induce" means "to stimulate the occurrence of or to cause." Kincherlow's defense was that he did not unduly influence her because she was already a prostitute, and that the court's instructions foreclosed his defense by including the phrase "to cause," broadening the scope of the statute to include behavior that doesn't overcome the will of a minor. This argument, however, is foreclosed by this Court's precedent in *United States v. Murrell*, 368 F.3d 1283 (11th Cir. 2004). Because the *Murrell* court disfavored a definition of induce that was "essentially

synonymous with the word 'persuade,'" *see id.* at 1287, the district court did not err in using the jury instructions that used the same definition in *Murrell*.

This argument, however, is squarely foreclosed by this Court's precedent in *United States v. Murrell*, 368 F.3d 1283 (11th Cir. 2004), which held that "induce" as used in 18 U.S.C. § 2422 is properly defined as "to stimulate the occurrence of; cause." *Id.* at 1287. We will not conclude that a district court erred for adhering to the holding of a decision of this Court that is on point. *See United States v. Gonzalez*, 834 F.3d 1206, 1222 (11th Cir. 2016) ("When a jury instruction accurately expresses the applicable law, 'there is no reason for reversal . . . .'" (quoting *United States v. Gibson*, 708 F.3d 1256, 1275 (11th Cir. 2013))); *see also United States v. House*, 684 F.3d 1173, 1206 (11th Cir. 2012) (holding that the district court did not err when defining a term in a jury charge when the definition "was consistent with the definition . . . provided by the Supreme Court").

## D. Indictment Variance

Finally, Kincherlow argues that a variance between the indictment language and the government's proof at trial deprived him of due process notice of the charge against him. We find his arguments without merit.

The Fifth Amendment provides that "[n]o person shall be held to answer for capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." U.S. Const. amend. V. "It would be fundamentally unfair to convict a defendant on charges of which he had no notice." *United States v. Keller*, 916 F.2d

628, 633 (11th Cir. 1990).  However, if the rights of the defendant were not substantially prejudiced by a variance between the indictment and the proof, then it is immaterial.  *United States v. Ard*, 731 F.2d 718, 725 (11th Cir. 1984).

Here, the variance between the indictment and the proof did not affect Kincherlow's substantial rights and his ability to defend himself.  The text of the statute, the pattern jury instructions, and the proposed jury instructions submitted by the government two weeks before trial all list the verbs "persuade," "induce," "entice," and "coerce" with the disjunctive "or."  Kincherlow therefore had sufficient notice that he could be convicted for having engaged in any one of those acts and enough time to prepare his defense accordingly.[6]  And, in any event, our precedent clearly establishes that where a statute lists multiple means of committing the offense and the government's indictment against the defendant charges two or more of them conjunctively, the government may prove one or more of them at trial in the disjunctive.  *See United States v. Mozie*, 752 F.3d 1271, 1284 (11th Cir. 2014).  So, even if Kincherlow did not have notice, his argument would still fail.

Accordingly, we conclude that the variance between Kincherlow's indictment and the proof was not prejudicial.

---

[6] Even if any doubt remained when trial commenced, the government again used the disjunctive "or" during its opening statement.

## IV.　CONCLUSION

For all these reasons, we affirm Kincherlow's conviction for coercion or enticement of a minor to engage in prostitution in violation of § 2422(b).

**AFFIRMED.**

22-11980                [ED CARNES, J., Concurring]                1

ED CARNES, Circuit Judge, Concurring:

I join all of the majority opinion and write separately to add to its discussion of the conjunctive-disjunctive issue involving the indictment's allegations and the proof at trial. Kincherlow contends that he and his counsel did not have sufficient notice he could be convicted for violating 18 U.S.C. § 2422 if the government proved any one of the four means of committing the crime that were charged in the indictment. The majority opinion rejects that contention on the ground that "the text of the statute, the pattern jury instructions, and the proposed jury instructions submitted by the government" gave Kincherlow notice of what the government needed to prove to convict. The majority then states "in any event" that our decision in *United States v. Mozie*, 752 F.3d 1271, 1284 (11th Cir. 2014), held that where an indictment alleges multiple means conjunctively it is sufficient to convict if any one of them is proven. That is what *Mozie* held. From that, the majority concludes "even if Kincherlow did not have notice, his argument would still fail," and the variance between Kincherlow's indictment and the proof was not prejudicial.

I would put it somewhat differently. Kincherlow's argument fails at the first premise. That essential premise is that he did not have notice he could be convicted by proof of any one of the conjunctively alleged means. The premise fails because our binding precedent put him and his counsel on notice that he could be.

Since we are talking about notice, it is worth pointing out that while *Mozie* was enough to provide any necessary notice of the

conjunctive-disjunctive rule, it was far from the only precedent providing loud and clear notice of the rule. *See United States v. Maher*, 955 F.3d 880, 886 (11th Cir. 2020) ("Because the statute specifies in the disjunctive several means of committing the offense, [the defendant's] indictment could allege those means in the conjunctive and the Government was only required to prove one of them.") (cleaned up); *United States v. Howard*, 742 F.3d 1334, 1344 n.3 (11th Cir. 2014) ("Prosecutors can and frequently do, however, charge alternative elements in the conjunctive and prove one or more of them in the disjunctive, which is constitutionally  permissible."); *United States v. Simpson*, 228 F.3d 1294, 1299–1300 (11th Cir. 2000) (recognizing the "well established" law that the government can indict the defendant in the conjunctive and present proof of just one means of committing the crime); *United States v. Cornillie*, 92 F.3d 1108, 1110 (11th Cir. 1996) ("Where the language of a statute proscribes several means by which the defendant might have committed a violation, the government may plead the offense conjunctively and satisfy its burden of proof by any one of the means."); *United States v. Burton*, 871 F.2d 1566, 1573 (11th Cir. 1989) ("Where a penal statute . . . prescribes several alternative ways in which the statute may be violated and each is subject to the same punishment, . . . the indictment may charge any or all of the acts conjunctively . . . and the government may satisfy its burden by proving that the defendant, by committing any one of the acts alleged, violated the statute."); *United States v. Acosta*, 748 F.2d 577, 579 (11th Cir. 1984) (same); *United States v. Griffin*, 705 F.2d 434, 436 (11th Cir. 1983) ("The law is well established . . . that where an indictment

charges several means of violation of the statute in the conjunctive, proof of only one of the means is sufficient to convict."); *United States v. Brooks*, 670 F.2d 148, 153 (11th Cir. 1982) (same); *United States v. Figueroa*, 666 F.2d 1375, 1378 n.1 (11th Cir. 1982) (same); *United States v. Haymes*, 610 F.2d 309, 310 (5th Cir. 1980) ("It is well-established in this Circuit that a disjunctive statute may be pleaded conjunctively and proved disjunctively."); *United States v. Quiroz-Carrasco*, 565 F.2d 1328, 1331 (5th Cir. 1978) (same); *United States v. McCann*, 465 F.2d 147, 162 (5th Cir. 1972) ("Where a statute specifies several alternative ways in which an offense may be committed, the indictment may allege the several ways in the conjunctive, and this fact [does not] preclude[] a conviction if only one of the several allegations linked in the conjunctive in the indictment is proven."); *United States v. Ippolito*, 438 F.2d 417, 419 (5th Cir. 1971) (holding that government was not required to prove violation of "the laws of the United States and the laws of Florida" as stated in the indictment because "[p]leading in the conjunctive is correct, and proof of either is sufficient to support a verdict"); *Fields v. United States*, 408 F.2d 885, 887 (5th Cir. 1969) ("Where a statute specifies several alternative ways in which an offense can be committed, the indictment may allege the several ways in the conjunctive, and a conviction thereon will stand if proof of one or more of the means of commission is sufficient."); *United States v. Minchew*, 417 F.2d 218, 220 n.4 (5th Cir. 1969) (same); *United States v. Duran*, 411 F.2d 275, 278 (5th Cir. 1969) ("Where a crime is denounced disjunctively in the statute but charged conjunctively in the indictment, proof of any one of the several allegations is all that need be proved.");

4                     [ED CARNES, J., Concurring]                22-11980

*Cunningham v. United States*, 356 F.2d 454, 455–56 (5th Cir. 1966) (holding the government was not required "to prove that appellant assaulted, impeded and interfered with the Immigration officer," even though that was the language in the indictment because "only one of the several allegations linked in the conjunctive" needed to be proved); *Smith v. United States*, 234 F.2d 385, 389 (5th Cir. 1956) ("We have held that it is proper to charge in the conjunctive the various allegations in the accused pleading where a statute specifies several means or ways in which an offense may be committed in the alternative.  A corollary to the rule of pleading in such matters is the rule that only one of the several means or ways of committing the offense need be proved.") (citations omitted); *Price v. United States*, 150 F.2d 283, 285 (5th Cir. 1945) ("When several acts specified in a statute are committed by the same person, they may be coupled in one count as together constituting one offense although a disjunctive word is used in the statute, and proof of any one of the acts joined in the conjunctive is sufficient to support a verdict of guilty.").

The conjunctive/disjunctive rule is not just the law of this circuit; it is the law of in every other circuit with a criminal caseload as well.  *Howard*, 742 F.3d at 1344 n.3 (noting that every federal circuit allows charging in the conjunctive and proving in the disjunctive); *see also Crain v. United States,* 162 U.S. 625, 636 (1896) ("We perceive no sound reason why the doing of the prohibited thing in each and all of the prohibited modes may not be charged in one count, so that there may be a verdict of guilty upon proof that the accused had done any one of the things constituting a substantive

22-11980            [ED CARNES, J., Concurring]            5

crime under the statute."); *United States v. Miller,* 471 U.S. 130, 136 (1985) (citing *Crain* as holding that an "indictment count that alleges in the conjunctive a number of means of committing a crime can support a conviction if any of the alleged means are proved").

Even if Kincherlow and his counsel were unaware of that fundamental and universally accepted rule of federal criminal law, it would not matter. It wouldn't because ignorance of the law is no excuse. *See McFadden v. United States*, 576 U.S. 186, 192 (2015) ("[I]gnorance of the law is typically no defense to criminal prosecution . . . ."). That ignorance of the law is a no-go in the law is not a new notion or minor matter. Instead, "[t]he general rule that ignorance of the law or a mistake of law is no defense to criminal prosecution is deeply rooted in the American legal system." *Cheek v. United States*, 498 U.S. 192, 199 (1991). "This common-law rule has been applied by the [Supreme] Court in numerous cases construing criminal statutes." *Id.*; *see also Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 581 (2010); *United States v. Hastie*, 854 F.3d 1298, 1305 (11th Cir. 2017).

Because of the presumption that everyone knows the law, Kincherlow and his counsel were on notice that under well-established law when a statute and indictment list multiple means of committing a crime, proof of any one of them is enough to convict. The fact that the statute itself, the pattern jury instructions, and the proposed instructions in this case listed the means of committing the crime in the disjunctive provided notice that proof of any one of those means was enough, but even if they hadn't our long line of emphatic precedent does and did give notice of that.