[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13950

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

HAROLD L. BENEDICT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:23-cr-00019-TKW-1

_____

Before NEWSOM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

This case began when a good Samaritan offered to fill up Harold Benedict's car with gas.  Benedict accepted this offer and repaid the man's kindness by giving him a laptop.  There was just one problem: the laptop was full of child pornography.  And that was only the beginning.  All told, investigators found over 700 images of child pornography spread across Benedict's devices.  A jury later convicted him of (1) knowingly receiving or attempting to receive child pornography and (2) knowingly possessing child pornography.  He was sentenced to roughly twenty years in prison.

Benedict now challenges his conviction for receiving or attempting to receive child pornography.  He argues that the district court made two evidentiary errors that rendered his trial fundamentally unfair.  Not so.  Because there was overwhelming evidence of Benedict's guilt, neither of the court's evidentiary decisions—either in isolation or together—amount to reversible error.  We affirm his conviction.

**I.**

On a hot summer day in the Florida panhandle, Harold Benedict's car ran out of gas.  A nearby fisherman noticed that Benedict looked "rough" and offered to fill up his car for him. Benedict took the man up on his offer and gave him a laptop as a token of appreciation.  Benedict also gave the man his phone

number and told him to reach out if he needed anything. Then they parted ways.

The man planned to give the laptop to his two young sons that evening. But before doing so, he decided to give it a cursory inspection. That inspection revealed "child pornography galore." The man then called the police and reported the laptop. He also provided the police with the phone number that he had received. When the local sheriff's office ran that phone number through a law enforcement database, it traced back to one Harold Laverne Benedict.

Two months later, investigators interviewed Benedict about the laptop. During that interview, Benedict admitted that he searched online for child pornography about once a month, often using a Russian browser to avoid detection. And he also admitted to downloading child pornography. The police arrested Benedict at the end of the interview and obtained a search warrant for his storage unit, which contained some of his other devices. That search was fruitful. All in all, over 700 images of child pornography were found on Benedict's devices.

A grand jury returned a three-count superseding indictment against Benedict. The first count charged him with knowingly receiving or attempting to receive child pornography. *See* 18 U.S.C. §§ 2252A(a)(2), (b)(1). The other two counts charged him with knowingly possessing child pornography. *See* 18 U.S.C. §§ 2252A(a)(5)(b), (b)(2). A jury found him guilty across the board.

Benedict now appeals, focusing only on the first count—whether he knowingly received or attempted to receive child pornography.

## II.

We review evidentiary rulings for abuse of discretion.[1] *United States v. LaFond*, 783 F.3d 1216, 1221 (11th Cir. 2015). And we review claims of cumulative error de novo. *United States v. Daniels*, 91 F.4th 1083, 1092 (11th Cir. 2024).

## III.

Benedict argues that the district court mishandled two evidentiary issues at his trial and that these errors—either individually or collectively—rendered his trial fundamentally unfair. We disagree.

## A.

*First*, Benedict maintains that the district court erred by allowing the jury to see uncensored video footage of his interview with the police because that footage displayed his sex-offender registration paperwork. He did not want the jury to see that paperwork because it labeled him a "sexual predator" and mentioned his 1995 conviction for attempted sexual battery of a

---

[1] The government contends that we should review one of the district court's rulings for plain error rather than abuse of discretion because Benedict did not object to it at trial. We reject that contention because the district court "definitively" ruled on the issue in an earlier on-the-record motion. *See United States v. Harris*, 886 F.3d 1120, 1128 n.2 (11th Cir. 2018).

child under twelve.  The district court was sympathetic to these concerns.  It had even ruled in an earlier motion that the paperwork "shall be 'sanitized' to remove references to 'sexual predator/offender'" and that the "marginal probative value" of the 1995 conviction was outweighed by its "unfair prejudice."  But the court did not watch the video before trial and so did not know that the paperwork would be visible.  (Instead of watching the video, the judge read the transcript of the interview.)

*Second*, Benedict contends that the district court abused its discretion by allowing an investigator to testify as a lay witness about the data extractions he performed on Benedict's devices.  The investigator copied four of Benedict's devices onto government hard drives and was called as a witness "purely" for "chain-of-custody foundation purposes."  This investigator was not the one who ultimately analyzed the data on Benedict's devices—a separate expert witness handled that.  But Benedict asserts that the investigator's lay testimony veered into specialized technical knowledge when he discussed things like "write blockers" and "hash values."  Given the technical nature of these concepts, Benedict says, the district court erred by not qualifying the investigator as an expert witness.

We need not decide whether the district court abused its discretion because any error was (at most) harmless.  Benedict alleges only evidentiary errors, not constitutional ones.  And we have explained that a "non-constitutional evidentiary error does not warrant reversal unless there is a reasonable likelihood that the

error affected the defendant's substantial rights." *United States v. Green*, 873 F.3d 846, 867 (11th Cir. 2017). "If the government leaves us firmly convinced that the evidence of guilt was so overwhelming that the trier of fact would have reached the same result without the tainted evidence, then we will conclude that the error was harmless." *United States v. Doak*, 47 F.4th 1340, 1358 (11th Cir. 2022) (quotation omitted).

The record here shows that any potential error was indeed harmless. A person "knowingly receives" child pornography when he "intentionally views, acquires, or accepts child pornography on a computer from an outside source," such as the internet. *United States v. Pruitt*, 638 F.3d 763, 766 (11th Cir. 2011); *see* 18 U.S.C. §§ 2252A(a)(2), (b)(1). And a person "attempts to" receive child pornography when he (1) intends to receive it and (2) takes a substantial step toward receiving it. *See United States v. Kincherlow*, 88 F.4th 897, 903 n.5 (11th Cir. 2023).

There was overwhelming evidence that Benedict attempted to (and did) receive child pornography. For starters, he told investigators point-blank that he used a Russian internet browser to search online for child pornography about once a month. Benedict searched for things like "preteen child nude little girl"; "preteen little girls nude"; and "toddler pussy." What's more, Benedict admitted that he downloaded child pornography from the internet. And still more is that the government's expert witness testified that at least three of Benedict's devices contained evidence of receipt or attempted receipt of child pornography.

23-13950                Opinion of the Court                7

Between Benedict's own admissions, the 700-plus images of child pornography on his devices, and the government's expert testimony, we are left with no doubt that the jury would have convicted Benedict even if the district court did err. So any error was harmless.

**B.**

Finally, Benedict insists that even if the district court's errors were harmless in isolation, their combined effect denied him "the constitutional right to a fair trial." *United States v. Gbenedio*, 95 F.4th 1319, 1335 (11th Cir. 2024) (quotation omitted). We cannot agree.

"Even when considered in concert," the errors that Benedict alleges here do not warrant reversal. *See United States v. Margarita Garcia*, 906 F.3d 1255, 1281 (11th Cir. 2018). We have explained that there is no cumulative error when a defendant "cannot establish that the combined errors affected his substantial rights." *United States v. Pendergrass*, 995 F.3d 858, 881 (11th Cir. 2021). And Benedict's substantial rights were not affected here because the "properly admitted evidence sufficiently established his guilt." *Id.* (alteration adopted and quotation omitted). As we have detailed, the evidence against Benedict "formidably demonstrated his guilt with respect to the charged offenses." *Id.* at 882.

In short, the government "presented a very strong case" at trial. *Margarita Garcia*, 906 F.3d at 1281. And any errors by the district court "were not closely related to the central issue raised during the trial"—whether Benedict knowingly received or

8                    Opinion of the Court                    23-13950

attempted to receive child pornography.  *Id.*  So none of the errors, in isolation or together, violated Benedict's due process rights.

★    ★    ★

Because Benedict received a fundamentally fair trial, we **AFFIRM** his conviction.