**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 24-12189

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JAYLA DENICE WELCH,
a.k.a. Mookie,
XAVIER LATRELL SMITH,
a.k.a. Trelly,
a.k.a. Trally Mac,

*Defendants-Appellants.*

————————————

Appeals from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:23-cr-20122-BB-2

————————————

Before NEWSOM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Jayla Welch and Xavier Smith appeal their convictions and sentences for sex trafficking of a minor and related offenses, as well as the district court's denial of certain pretrial motions. Specifically, Welch argues that: (1) the district court erred in denying her motion for a continuance of trial to allow her additional time to review discovery; (2) the evidence at trial did not support her convictions for conspiracy to commit sex trafficking, 18 U.S.C. § 1594(c); sex trafficking of a minor, 18 U.S.C. § 1591(a)(1); transporting a minor to engage in sexual activity, 18 U.S.C. § 2423(a); and coercion and enticement of a minor to engage in criminal sexual activity, 18 U.S.C. § 2422(b); (3) the district court erred in applying a two-level enhancement for unduly influencing the minor victim to engage in prohibited sexual conduct; and (4) the district court erred in denying her request for a minor role reduction.

Smith argues that the district court erred: (1) in denying his counsel's motions to withdraw; (2) in applying a two-level enhancement for unduly influencing the minor victim to engage in prohibited sexual conduct; and (3) in applying a two-level enhancement for the minor victim being under his care, custody, and supervisory control.

## I. DISCUSSION

*A. Motion to Withdraw as Counsel with respect to Smith*

We review the denial of a motion to withdraw as counsel for abuse of discretion. *United States v. Jimenez-Antunez*, 820 F.3d 1267, 1270 (11th Cir. 2016).

Although a defendant has a right to counsel under the Sixth Amendment, he does not have the unqualified right to the appointed counsel of his choice or the right to demand a different appointed counsel, except for good cause. *United States v. Garey*, 540 F.3d 1253, 1263 (11th Cir. 2008) (en banc). Good cause in this context means a fundamental problem, such as a conflict of interest, a complete breakdown in communication, or an irreconcilable conflict, which leads to an apparently unjust verdict. *Id*. Counsel's refusal to adopt a defendant's frivolous legal position does not constitute good cause. *See United States v. Joyner*, 899 F.3d 1199, 1205-06 (11th Cir. 2018) (noting counsel's duty to challenge irrelevant and meritless positions and advance only those in the defendant's best interest).

When considering a district court's denial of a motion for new counsel, we consider several factors, including "(1) the timeliness of the motion; (2) the adequacy of the court's inquiry into merits of the motion; and (3) whether the conflict was so great that it resulted in a total lack of communication between the defendant and his counsel thereby preventing an adequate defense." *United States v. Calderon*, 127 F.3d 1314, 1343 (11th Cir. 1997). In addition, the defendant must show that the court's denial of his motion for new counsel was prejudicial. *Id*. To do this, he "must show that counsel's performance was not within the range of competence demanded of attorneys in criminal cases and that but for counsel's continued representation . . . the result of the proceeding would have been different." *Id*. (quotation marks omitted) (discussing

prejudice in the context of a sentencing hearing).  If the defendant cannot show prejudice, any error is harmless.  *Id.*

A defendant abandons an issue on appeal when he states that an issue exists but provides no further argument or discussion. *United States v. Montenegro*, 1 F.4th 940, 944 n.3 (11th Cir. 2021).

Here, Smith has not shown that there was good cause to remove Quintero as counsel or that the district court abused its discretion under the *Calderon* test because he has not shown that there existed a total lack of communication between them which precluded an adequate defense.  Moreover, Smith cannot show that the result at trial would have been different with another lawyer, in light of the overwhelming evidence against him—Smith knew the victim was a minor and recruited her for sex work, he transported her from Texas to Florida to engage in that work, he dictated the victim's commercial sex ads and listed his phone number on those ads, he paid for her room and board, and he controlled the money she made.  Therefore, the district court did not abuse its discretion when it denied counsel's motion to withdraw.

### B. Welch's Motion for Continuance

We review for abuse of discretion a district court's denial of a motion for continuance.  *United States v. Chalker*, 966 F.3d 1177, 1193 (11th Cir. 2020).  Where the request for continuance is made to examine discovery material, we focus only on the prejudice to the defendant, specifically, whether additional time to examine the discovery material would have affected the outcome at trial.  *United*

*States v. Perez*, 473 F.3d 1147, 1150-51 (11th Cir. 2006).   Thus, we consider the district court's denial of a continuance in light of what an examination of the discovery material reveals to defense counsel after the trial.  *Id*.  When a "defendant claims [s]he did not have enough time to prepare for trial, [s]he must identify the relevant evidence [s]he would have presented had the request for a continuance been granted." *United States v. Pendergrass*, 995 F.3d 858, 870 (11th Cir. 2021).

Here, Welch has not pointed to any exculpatory evidence that she would have presented at trial had her request for a continuance been granted.  The district court delayed the start of trial by one week to allow counsel time to copy the discovery, it modified the protective order so that counsel could mail Welch the copies, and Welch received the discovery one week before trial.  Welch has not shown how additional time to examine the discovery would have affected the outcome of her case.  Therefore, Welch has not shown that the district court abused its discretion when it denied the motion.

## C. Welch's Challenge to the Sufficiency of the Evidence

We review *de novo* the sufficiency of evidence.  *United States v. Dixon*, 901 F.3d 1322, 1335 (11th Cir. 2018).   "A jury's verdict cannot be overturned if any reasonable construction of the evidence would have allowed the jury to find the defendant guilty beyond a reasonable doubt." *United States v. Herrera*, 931 F.2d 761, 762 (11th Cir. 1991).  We assume the jury made all credibility

choices in support of the verdict. *United States v. Jiminez*, 564 F.3d 1280, 1285 (11th Cir. 2009).

### 1. Counts One and Two

To support a conviction for sex trafficking of a minor under 18 U.S.C. § 1591(a)(1), the government must prove that the defendant: (1) recruited, enticed, harbored, transported, provided, obtained, or maintained by any means the victim; (2) knew, or recklessly disregarded the fact, that the victim was a minor; and (3) knew, or recklessly disregarded the fact, that the victim would be caused to engage in a commercial sex act. *United States v. Gatlin*, 90 F.4th 1050, 1060 (11th Cir. 2024), *cert. denied*, 145 S. Ct. 1065 (2025).

Moreover, to convict a defendant of conspiracy to commit sex trafficking, 18 U.S.C. § 1594(c), the government must prove that: (1) two or more people agreed to violate § 1591; (2) the defendant knew of that conspiratorial goal; and (3) the defendant voluntarily assisted in accomplishing that goal. *United States v. Brown*, 125 F.4th 1043, 1053 (11th Cir. 2025). "The existence of an agreement may be inferred from the participants' conduct, and the agreement may be proven by circumstantial evidence, including inferences from th[at] conduct or other evidence." *Id*. (quotation marks and citations omitted, alteration in original).

The aiding and abetting statute, 18 U.S.C. § 2, does not establish a separate crime, but rather, permits one who aids and abets the commission of a crime to be punished as a principal. *United States v. Walser*, 3 F.3d 380, 388 (11th Cir. 1993). To support such a

conviction, "the evidence must simply show that the defendant was associated with the criminal venture, participated in it as something [s]he wished to bring about, and sought by [her] action to make it succeed." *United States v. Howard*, 13 F.3d 1500, 1502 (11th Cir. 1994) (quotation marks omitted).

We have held that a sex worker who recruits other women for a pimp and posts ads for those women can be charged criminally in sex-trafficking cases, even though she may also be a victim of sex trafficking. *United States v. Walker*, 73 F.4th 915, 918 (11th Cir. 2023).

Here, the evidence at trial was sufficient to support Welch's knowing participation in the sex trafficking of the minor victim, and in conspiring with Smith to do so. The victim testified that Welch, who worked for Smith as his "top girl," initiated contact and asked her to "choose up" with Smith, vouching for him as "good looking" and a "good pimp." Welch knew that the victim did not currently have a pimp, and Welch and Smith both knew that the victim was a minor. Welch moved the victim into the apartment she shared with Smith and introduced the victim to cocaine. Smith purchased clothes, wigs, and a phone for the victim, and then he and Welch took the victim on a road trip from Texas to Florida, stopping along the way to post commercial sex ads for the victim and coordinate her acts of prostitution. Welch posted the victim's ads and would repeatedly "bump" those ads so they would move to the top of the website. Welch coached the victim on how to behave with customers. Although Smith controlled the

money the victim made, Welch had a CashApp account that the victim could use to collect payment from customers.  On at least two occasions during the trip, Welch booked the hotel rooms. Welch admitted to law enforcement that she posted the online ads for the victim because the victim was a minor and could not have a MegaPersonal account.  This evidence was clearly sufficient to have allowed the jury to find beyond a reasonable doubt that Welch knowingly recruited, harbored, and transported the minor victim to engage in interstate commercial sex acts, and that she conspired with Smith to do so and voluntarily assisted in accomplishing that goal.  *See Gatlin*, 90 F.4th at 1060; *Brown*, 125 F.4th at 1053.  It was also sufficient to support that Welch was associated with the criminal venture, participated in it as something she wished to bring about, and sought by her action to make it succeed. *See Howard*, 13 F.3d at 1502.

Welch argues that she cannot be criminally liable because she was also Smith's victim, but this Court has held that a sex trafficking victim can be criminally liable for her conduct in recruiting new prostitutes for her pimp and posting online ads.  *See Walker*, 73 F.4th at 918.  Moreover, it is irrelevant whether Welch financially benefitted from the victim's prostitution or threatened or forced the victim to engage in sex work because neither are elements of the charged offenses.  *See Gatlin*, 90 F.4th at 1060; *Brown*,

125 F.4th at 1053.[1]  Therefore, we affirm Welch's convictions on Count One and Two.


### 2. Count Three

To prove a violation of 18 U.S.C. § 2423(a), the government must show that: (1) the defendant knowingly transported the victim in interstate commerce; (2) the victim was under 18; and (3) the defendant intended that the minor victim engage in prostitution or in any criminal sexual activity.  18 U.S.C. § 2423(a).

Here, there was sufficient evidence to support that Welch transported the minor victim in interstate commerce for the purposes of engaging in prostitution.  *See Herrera*, 931 F.2d at 762.  The victim testified that Welch knew she was a minor, Welch drove her from Louisiana to Florida, and during the trip, Welch posted commercial sex ads for the victim.  Although Welch argues that the evidence did not support that she drove the car from Louisiana to Florida because she did not have a driver's license and the victim was silent as to who drove the car through Mississippi and Alabama (the states between Louisiana and Florida), the victim explicitly testified that Welch drove the car and this Court assumes the jury

---

[1] If the sex trafficking offense (18 U.S.C. § 1591(a)) was effected by means of force, threats of force, fraud or coercion, § 1591(b)(1) specifies punishment of a minimum of 15 years to life; if the offense was not so effected and the victim so recruited, enticed, etc. was at least 14 but not yet 18, § 1591(b)(2) specifies punishment of a minimum of 10 years to life.  In Counts one and two, Welch was indicted and convicted under § 1591(a) and (b)(2).

made all credibility choices in support of the verdict. *See Jiminez*, 564 F.3d at 1285. Therefore, we affirm Welch's conviction on Count Three.

### 3. Count Four

It is unlawful to "knowingly persuade[], induce[], entice[], or coerce[] any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempt[] to do so," while using "any facility or means of interstate or foreign commerce." 18 U.S.C. § 2422(b). The government must prove that a defendant: (1) acted with the specific intent to persuade, induce, entice, or coerce the minor victim to engage in criminal sexual activity; and (2) took a substantial step toward the commission of the underlying crime. *United States v. Rutgerson*, 822 F.3d 1223, 1232 (11th Cir. 2016). The terms in § 2422(b) should be given their plain and ordinary meaning. *See id.* at 1232-33 (explaining that "induce" means to stimulate the occurrence of or cause, "persuade" means to win over by an appeal to one's reason and feelings, and "entice" means to draw on by arousing hope or desire).

The indictment here charged Welch with the violation of § 2422(b) in conjunction with two state statutes: Fla. Stat. § 787.06(3)(g) and La. Rev. Stat. § 14:82.1(A)(1). In Florida, a person who knowingly engages in, or financially benefits from, human trafficking for commercial sexual activity in which a child younger than 18 years of age is involved, is subject to life imprisonment. Fla. Stat. § 787.06(3)(g). In Louisiana, it is unlawful for any person over

the age of 17 to engage in sexual intercourse with any person under the age of 18 who is practicing prostitution, and there is an age difference of greater than 2 years between them. La. Rev. Stat. § 14:82.1(A)(1).

We have held that the fact that a minor has previously engaged in prostitution does not mean that the minor cannot be persuaded, induced, enticed, or coerced, within the meaning of § 2422(b), into doing the same at a later point. *United States v. Kincherlow*, 88 F.4th 897, 903 (11th Cir. 2023) (noting that acts of prostitution by minors are not naturally occurring, spontaneous events, and a minor victim's willingness to engage in prostitution is not proof that the victim is incapable of being persuaded to do so, but rather evidence that the defendant's efforts to persuade, induce, entice, or coerce the victim were successful).

In *United States v. Pulido*, we considered whether a § 2422(b) count as charged in the indictment was duplicitous. 133 F.4th 1256, 1269-71 (11th Cir. 2025). There, the indictment charged the defendant with one enticement count covering a ten-month period during which the defendant and the victim engaged in numerous conversations about sex and had sexual encounters. *Id*. at 1270. We noted that, although a pattern of activity can prove the commission of the enticement offense, such a pattern must culminate in a discrete episode of enticement. *Id*. Thus, based on the facts of the case before it, while it may be that the defendant took months to entice the victim to engage in illicit sexual activity, he violated § 2422(b) at the first moment he was able to move the victim's mental state

from one of hesitation to one of agreement. *Id.* Accordingly, because that moment could have happened at several different times within the ten-month period, the enticement count created the risk that the jury would have convicted without unanimously agreeing on the same offense, such that the defendant's § 2422(b) was duplicitous. *Id.* at 1270-71. We then considered whether the duplicitousness was harmless and held that it was not because the government had failed to demonstrate the moment at which the victim was enticed during the ten-month period over which there occurred "so many episodes of sexual activity." *Id.* at 1271.

When a defendant fails to raise an argument in the district court, we review for plain error. *United States v. Cenephat*, 115 F.4th 1359, 1368 (11th Cir. 2024). Plain error occurs where there is an error that is plain and has affected the defendant's substantial rights, and the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* "For an error to be plain, the issue must be specifically resolved by the operative text or by precedent from this Court or the Supreme Court." *Id.*

A party cannot raise a new issue on appeal in a supplemental authority or letter brief. *United States v. Levy*, 379 F.3d 1241, 1244 (11th Cir. 2004). However, there is a narrow exception to this rule, allowing the party to raise a new claim based on an intervening Supreme Court decision that overrules binding precedent. *United States v. Durham*, 795 F.3d 1329, 1331 (11th Cir. 2018) (en banc).

Here, contrary to Welch's argument that she only introduced the victim to Smith at the victim's request, there was

sufficient evidence to support that Welch knowingly induced, persuaded, and enticed the minor victim to engage in commercial sexual activity. *See Herrera*, 931 F.2d at 762. Welch knew the victim through the victim's first pimp, who had abused the victim and forced her into prostitution. Welch also knew that the victim was a minor and was currently without a pimp. Prior to being contacted by Welch, the victim had been living with friends (who were not sex workers) for several months. Welch approached the victim to ask her to "choose up" with Smith, who she vouched for as a "good pimp." Welch gave the victim drugs and moved her into the apartment she shared with Smith. Welch coached the victim on how to behave with customers. The day after being recruited by Welch, the victim was working for Smith as a prostitute and had an ad on MegaPersonal. Welch posted the victim's ads online and repeatedly "bumped" them to the top of the website. The victim testified that she was not allowed to see her family if she did not make her quota for commercial sex acts. This evidence was clearly sufficient to have allowed the jury to find beyond a reasonable doubt that Welch knowingly induced, persuaded, and enticed the minor victim to engage in criminal sexual activity. *See Rutgerson*, 822 F.3d at 1232. It was also sufficient to support Welch's criminal liability under an aiding and abetting theory of liability. *See Howard*, 13 F.3d at 1502.

Although Welch argues that the victim asked her for an introduction to Smith, the victim testified at trial that Welch initiated contact and this Court assumes the jury made all credibility choices in support of the verdict. *See Jiminez*, 564 F.3d at 1285. Welch's

argument that she could not have persuaded, induced, or enticed the victim to engage in commercial sex work because the victim had been engaging in such activity well before they met is also unpersuasive because a minor who has previously engaged in prostitution can still be persuaded, induced, or enticed into doing the same at a later point. *See Kincherlow*, 88 F.4th at 903.

Finally, Welch cannot raise her *Pulido* duplicity argument for the first time in her Rule 28(j) letter. *See Durham*, 795 F.3d at 1331; *Levy*, 379 F.3d at 1244. Even if this Court were to consider it under plain error review, Welch makes no argument as to how *Pulido* supports that the § 2422(b) count, as charged here, constitutes an error that is plain and affected her substantial rights. *See Cenephat*, 115 F.4th at 1368. *Pulido* was limited to the specific facts of that case— where the indictment charged one enticement count covering a ten-month period during which the defendant and the victim engaged in numerous conversations about sex and had sexual encounters. *See Pulido*, 133 F.4th at 1270 71. Here, however, while the indictment charged Welch with enticing the minor victim to engage in criminal sexual activity during the period from December 23, 2022, through January 6, 2023, the evidence at trial showed that Welch recruited the victim on December 23, 2022, and by December 24, 2022, the victim was working for Smith and her ad had been posted on MegaPersonal. Thus, by failing to make any argument specific to the facts of her case, Welch has not shown that the "risk" present in *Pulido* is also present here, and, therefore, she has not shown any plain error affecting her substantial rights. *See Cenephat*,

115 F.4th at 1368; *see also Pulido*, 133 F.4th at 1270 71.  Therefore, we affirm Welch's conviction on Count Four.

*D. Sentencing Challenges*

We review the district court's application of the sentencing guidelines *de novo* and its findings of fact for clear error.  *United States v. Trujillo*, 146 F.3d 838, 847 (11th Cir. 1998).

1. Undue Influence Enhancement with respect to Smith and Welch

"Because undue influence is a factual finding, we review for clear error."  *United States v. Whyte*, 928 F.3d 1317, 1336 (11th Cir. 2019).  The Guidelines provide for a two-level enhancement where the district court finds that the defendant "unduly influenced a minor to engage in prohibited sexual conduct."  U.S.S.G. § 2G1.3(b)(2)(B).  We closely consider the facts of the case to determine whether a "participant's influence over the minor compromised the voluntariness of the minor's behavior."  *Id*. § 2G1.3, comment. (n.3(B)).

A rebuttable presumption of undue influence applies when the defendant is at least ten years older than the victim.  *Id*.; *Whyte*, 928 F.3d at 1336.  To decide whether a defendant has rebutted this presumption, a court considers whether the defendant abused his superior knowledge, influence, or resources to compromise the voluntariness of the minor's behavior.  *Whyte*, 928 F.3d at 1336.  A defendant abuses his superior knowledge and resources by

managing his victim's prostitution through actions like advertising her services, driving her to engagements, and handling the money. *Id*. Further, a minor's previous engagement in acts of prostitution does not foreclose that a defendant may have unduly influenced her to engage in further acts of prostitution. *Id*.

Here, the district court did not clearly err in applying this enhancement to Smith and Welch. First, as to Smith, the age gap between him and the victim established a rebuttable presumption of undue influence, one that he has not overcome. *See* U.S.S.G. § 2G1.3, comment. (n.3(B)); *Whyte*, 928 F.3d at 1336. Like the defendant in *Whyte*, Smith abused his superior knowledge and resources by advertising the victim's commercial sex services (dictating her ads and listing his phone number on the ads), transporting the victim from Texas to Florida for commercial sex work, and controlling the money the victim earned. *See Whyte*, 928 F.3d at 1336.

Second, Welch was a participant in the scheme to influence the victim to join Smith and engage in commercial sex work. *See* U.S.S.G. § 2G1.3, comment. (n.3(B)). Welch knew the minor victim was a former sex worker who was currently without a pimp and she approached the victim to "choose up" with Smith, vouching for him as being a "good pimp." Welch introduced the victim to cocaine, posted the victim's ads, bumped those ads to the top of the website, and drove the victim across state lines to engage in commercial sex work. *See Whyte*, 928 F.3d at 1336.

Both defendants argue that the enhancement does not apply to them because the victim had engaged in sex work in the past.

However, a minor's previous acts of prostitution does not foreclose that a defendant may have unduly influenced her to engage in further acts of prostitution. *See Whyte*, 928 F.3d at 1336. Further, Smith's argument that he did not force the victim into sex work is irrelevant for purpose of the application of the enhancement, which targets a defendant's influence rather than force. *See* § 2G1.3(b)(2)(B). Thus, the district court did not err when it applied the enhancement to both defendants.

2. Custody, Care, or Supervisory Control Enhancement with respect to Smith

A defendant's offense level may be enhanced by two if "the minor was . . . in the custody, care, or supervisory control of the defendant." U.S.S.G. § 2G1.3(b)(1)(B). According to the commentary, this enhancement is intended to have broad application and courts should look to the actual relationship that existed between the defendant and the minor and not simply to the legal status of the defendant-minor relationship. *Id.* § 2G1.3, comment. (n.2(A)). The commentary further states that "teachers, day care providers, baby-sitters, or other *temporary caretakers* are among those who would be subject to this enhancement." *Id.* (emphasis added).

Consideration of the actual relationship between the defendant and a minor involves a functional approach rather than a formalistic one. *Gatlin*, 90 F.4th at 1070 (noting that the enhancement does not require that a defendant and the victim have a long-term relationship). We have explained that "the plain meaning of stating that a child is in a person's care is simply to say the person

is responsible for looking after the child's wellbeing." *Id*. at 1070-71 (quotation marks omitted).

Where a defendant's sentence is unaffected by the error raised by the defendant, we may affirm. *See United States v. Riley*, 142 F.3d 1254, 1258 (11th Cir. 1998) (holding that any error would not require resentencing because it did not change the defendant's base offense level or guideline range).  An offense level of 38 and a criminal history category of VI result in a guidelines range of 360 months to life imprisonment.  *See* U.S.S.G. Ch. 5 Pt. A.

Here, Smith cannot show that any error would require resentencing because, even without the enhancement, his offense level would still result in the same guidelines range of 360 months to life imprisonment.  In any event, the district court did not clearly err in finding that the minor victim was under Smith's custody, care, or supervisory control because the evidence at trial showed that Smith was responsible for looking after the victim's wellbeing—he was 33 years old when he met the 17-year-old victim, he moved the victim into his apartment and bought her clothes and a cell phone and paid for her expenses, and he managed her sex work and controlled the money she earned.

### 3. Role Reduction with respect to Welch

We "review a district court's denial of a role reduction for clear error." *United States v. Cruickshank*, 837 F.3d 1182, 1192 (11th Cir. 2016).  As long as the court's decision is supported by the record and does not involve a misapplication of a rule of law, the choice between two permissible views of the evidence as to the

24-12189                Opinion of the Court                19

defendant's role in the offense will rarely constitute clear error. *Id.* (quotation marks removed). The defendant has the burden of proving her minor role in the offense by a preponderance of the evidence. *United States v. De Varon*, 175 F.3d 930, 939 (11th Cir. 1999) (en banc).

The guidelines provide for a two-level reduction for a defendant who is a minor participant in the crime. U.S.S.G. § 3B1.2(b). A minor participant is someone "who is less culpable than most other participants in the criminal activity, but whose role could not be described as minimal." *Id*. § 3B1.2, comment. (n.5). The decision to apply a minor role adjustment is "based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the particular case." *Id.* § 3B1.2, comment (n.3(C)). The commentary to § 3B1.2 lists "non-exhaustive" factors for a court to consider, including: (1) the defendant's understanding of the "scope and structure of the criminal activity," (2) the defendant's participation "in planning or organizing," (3) the defendant's degree of "decision-making authority or influence[]," (4) "the nature and extent of the defendant's participation," and (5) "the degree to which the defendant stood to benefit." *Id*. We have provided two principles to guide a district court's consideration of a defendant's role: (1) the role in the conduct for which she has been held accountable; and (2) her role in comparison to the other participants in the conduct. *De Varon*, 175 F.3d at 940.

Here, the district court did not clearly err in denying Welch a minor role reduction. Welch knew the victim was a minor and recruited her for Smith, moving the victim into their apartment. Welch posted the victim's ads, bumped the ads to make them more visible on the website, booked hotel rooms, and drove the victim from Louisiana to Florida. The district court recognized that Welch's role was not as substantial as Smith's but found that the totality of the circumstances did not warrant a role reduction. Welch has not shown that this constitutes clear error.

For the foregoing reasons, Welch's and Smith's convictions and sentences are

**AFFIRMED.**